UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN JOHN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.,<br><br>                    Defendant. | Civil Action No. 1:15-cv-5838<br><br>Class Action Complaint |

Plaintiff Sean John, by his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for his class action complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

**Nature of the Case**

1.      This Action seeks to redress the systematic overcharging by Whole Foods Market, Inc. ("Whole Foods") that has caused many New York consumers to overpay for pre-packaged products.

2.      Recently, the New York Department of Consumer Affairs announced an ongoing investigation against Whole Foods after finding that the company regularly overstates the weights of pre-packed products.  By overstating the weights of these products, Whole Foods is able to deceptively overcharge consumers.

3.      Whole Foods engages in a deceptive pricing scheme which targets health-conscious consumers who are willing to pay a premium for healthy, organic and natural groceries.  Unbeknownst to customers, the listed prices of these products do not accurately

reflect the actual weight of the products.  Instead, Whole Foods routinely overstates the weight of these products and overcharges consumers.

4.     This suit is brought pursuant to the New York General Business Law § 349, and the common law of New York on behalf of a class of New York consumers who purchased pre-packaged products from Whole Foods.  It seeks, *inter alia*, actual damages and refunds, punitive damages, injunctive relief, attorneys' fees, and the costs of this suit.

## Parties

5.     Plaintiff Sean John resides in New York, New York.  He regularly shops at various Whole Foods locations in New York City.

6.     Defendant Whole Foods Market, Inc. is a corporation headquartered in Austin, Texas.  As "America's Healthiest Grocery Store," Whole Foods is a self proclaimed leader in the provision of the "finest and organic foods available" to consumers.  Whole Foods boasts on its website that it goes "to extraordinary lengths to satisfy . . . customers."[1]  It currently has 422 stores in the United States and United Kingdom.  Whole Foods maintains nine stores within New York City.

## Jurisdiction and Venue

7.     This court has jurisdiction over all causes of action asserted herein, pursuant to 28 U.S.C. § 1332(d), because the aggregate claims of the Class (as defined below) exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between proposed Class members and Defendant.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false information

---

[1] WHOLE FOODS MARKET, http://www.wholefoodsmarket.com/mission-values/core-values/we-satisfy-delight-and-nourish-our-customers (last visited July 24, 2015).

regarding the Products, occurred within this District.

## Substantive Allegations

9.     Whole Foods is an upscale food purveyor that proclaims to seeks "out the finest natural and organic goods available, maintain the strictest quality standards in the industry, and has an unshakeable commitment to sustainable agriculture."[2]

10.     Accordingly, Whole Foods stores within New York are stocked with premium priced groceries.  This includes various pre-packed groceries such as meats, dairy products, nuts, berries, vegetables and seafood.[3]

11.     Plaintiff and consumers purchasing these items pay the labeled price on the specific item and they do so with the reasonable expectation that the product weight prominently identified on the front of the package is accurate.

12.     Whole Foods represents that it has accurately priced these item according to its actual weight.

13.     However, Whole Foods customers are not getting what they pay for, and are instead being routinely overcharged.

14.     Plaintiff has routinely shopped at two Whole Foods locations in New York City including the locations at 250 7th Avenue, New York, New York and 95 East Houston Street, New York, New York.

15.     Plaintiff regularly purchases various pre-packaged goods.

---

[2] WHOLE FOODS MARKET, http://www.wholefoodsmarket.com/company-info (last visited July 24, 2015).

[3] Department of Consumer Affairs, *Department of Consumer Affairs Investigation Uncovers Systemic Overcharging for Pre-packaged Foods at City's Whole Foods*, (July 24, 2015) http://www1.nyc.gov/site/dca/media/pr062415.page.

16.     On June 24, 2015, the New York Department of Consumer Affairs ("DCA") accused Whole Foods of overstating the weight of some pre-packaged products sold in some of the New York City stores.[4]  The DCA is investigating the grocery store chain for "systematic overcharging for pre-packed foods."[5]  In fact, DCA tests revealed that of the eighty different pre-packaged products tested, all were labeled erroneously.[6]

17.     The DCA also noted that 89% of the tested products did not meet Federal standards set by the Department of Commerce for the maximum amount that an individual package can deviate from the actual weight.[7]

18.     The tested products included a wide range of goods including meats, dairy and baked goods.[8]

19.     The DCA found that Whole Foods overstating the weight of these pre-packaged products resulting in these stores overcharging consumers.

20.     In fact, "[t]he overcharges were especially prevalent in packages that had been labeled with exactly the same weight when it would be practically impossible for all of the packages to weigh the same amount."[9]

21.     Some of the notable alleged overpriced items include:

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Department of Consumer Affairs, *Department of Consumer Affairs Investigation Uncovers Systemic Overcharging for Pre-packaged Foods at City's Whole Foods*, (July 24, 2015) http://www1.nyc.gov/site/dca/media/pr062415.page.

    a.       A package of coconut shrimp overpriced by $14.84;

    b.       Four packages of berries overpriced by $8.58;

    c.       Eight packages of $20.00 vegetable platters with an average overcharge of $2.50;

    d.       Eight packages of $9.99 chicken tenders were tested and DCA found that consumers would have been overcharged an average of $4.13.[10]

22.    While the DCA's investigative efforts have revealed other similar pricing issues at other grocery stores around New York City, Whole Foods deceptive acts are quite notable. DCA Commissioner Julie Menin has stated that "Our inspectors tell me that this is the worst cases of mislabeling they have seen in their careers…."[11]

23.    This is not the first instance in which Whole Foods has engaged in similar practices. Since 2010, "Whole Foods stores have received more than 800 violations during 107 separate inspections since 2010, totaling more than $58,000 in fines…."[12]

24.    Additionally, a recent a civil protection case was brought against Whole Foods in California by the cities of Los Angeles, Santa Monica and San Diego for overcharging customers, which resulted in an $800,000 fine.[13]

25.    Whole Foods customers were not aware that they were being overcharged for the Products.

---

[10] *Id.*

[11] *Id.*

[12] Justin Wm. Moyer, *Whole Foods Under investigation for Overcharging in NYC*, WASHINGTON POST (July 24, 2015) http://www.washingtonpost.com/news/morning-mix/wp/2015/06/25/whole-foods-under-investigation-for-overcharging-in-nyc/.

[13] Stephanie Strom, *Whole Foods Accused of Overcharging in New York City Stores*, N.Y. TIMES (July 24, 2015) http://www.nytimes.com/2015/06/25/business/whole-foods-accused-of-overcharging-in-new-york-city-stores.html?_r=1.

26.     Plaintiff, and other overcharged customers have no way of knowing that they were in fact being overcharged for pre-packed items.

27.     Whole Foods' regular misrepresentations regarding the weight of its pre-packaged foods are misleading and deceptive to consumers.  Whole Foods has caused Plaintiff, and the Class to overpay for various pre-packaged goods.  Plaintiff therefore brings this action on behalf of the proposed Class to stop Defendant's misleading practices.

### Class Action Allegations

28.     Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of fall others similarly situated.

29.     The Class that Plaintiff seeks to represent is defined as:

> All persons who purchased pre-packaged goods from a New York
> City Whole Foods location between June 25, 2010 to the present.

30.     Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise control or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

31.     This action is brought as a class action for the following reasons:

 a.     The Class consists of many thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

 b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

 i.     whether Defendant violated N.Y. G.B.L. § 349;

ii.     whether   Defendant   engaged   in   fraud,   deception   or misrepresentation in violation of New York common law by overcharging customers for various pre-packaged goods;

iii.    whether Defendant is being unjustly enriched by deceptively overcharging customers for various pre-packaged goods;

iv.    whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

v.     whether   Defendant   should   be   enjoined   from   continuing overcharging customers for various pre-packaged goods.

c.     The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.     Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including class litigation involving consumer protection;

e.     Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

f.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.      Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain their ill-gotten gains;

ii.      It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.      When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.      A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.      Defendant has acted on grounds generally applicable to Class members, making class-wide monetary relief appropriate.

32.      Defendant's violations of N.Y. G.B.L. § 349 and the common law of New York are applicable to all members of the Class, and Plaintiff are entitled to have Defendant enjoined from engaging in illegal and deceptive conduct in the future.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 349)

33.      Plaintiff incorporates by reference the allegations set forth above.

34.      The New York General Business Law § 349 provides, *inter alia*:

> Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

35.      Plaintiff and the members of the Class are consumers who purchased pre-packaged goods from a Whole Foods location in New York City.

36.      As a seller of goods to the consuming public and whose conduct affects similarly situated consumers and has a broad impact on consumers at large, Defendant is

engaged in consumer-oriented conduct within the intended ambit of GBL § 349.

37.     Defendant's misrepresentations and false, deceptive, and misleading statements with respect to overcharging for pre-packaged goods, as described above, constitute deceptive acts or practices in the conduct of business, trade or commerce in violation of the New York General Business Law.

38.     Defendant knowingly misrepresented and intentionally misstated the accurate price of pre-packaged goods.

39.     Defendant failed to charge accurate rates for a variety of pre-packaged goods. As a result, consumers were overcharged for such items in Whole Foods New York City locations.

40.     Defendant's actions have caused direct, foreseeable and proximate damages to Plaintiff and the Class.

41.     As a consequence of Defendant's wrongful actions, Plaintiff and the other members of the Class suffered an ascertainable loss of monies based on the difference in the price charged versus the accurate price of an item consistent with its weight.

42.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for actual damages or fifty dollars ($50), whichever is greater, punitive damages, injunctive relief, attorneys' fees, and the costs of this suit.

43.     Plaintiff and the other members of the Class further seek to enjoin the unlawful, deceptive acts and practices described above.

44.     Absent injunctive relief, Defendant will continue to overcharge consumers for pre-packaged goods.

45.     THEREFORE, Plaintiff prays for relief as set forth below.

9

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

46.     Plaintiff incorporates by reference the allegations set forth above.

47.     By engaging in the conduct described above, Defendant has unjustly enriched itself and received a benefit at the expense of Plaintiff and the other members of the Class. Defendant appreciated the benefit and it would be inequitable for Defendant to retain this benefit without being required to compensate Plaintiff and other members of the Class for the damages that they have suffered as a result of Defendant's actions.

48.     It would be unjust and inequitable for Defendant to retain the payments Plaintiff and the Class made for excessive charges on pre-packaged goods.

49.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of the damages to be determined at trial, plus attorneys' fees.

50. THEREFORE, Plaintiff prays for relief as set forth below.

### <u>Prayer for Relief</u>

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully request that the Court should enter judgment against Defendant as follows:

1.  Certifying this action as a class action, with a class as defined above;

2.  Requiring that Defendant pay for notifying the Class members of the pendency of this suit;

3.  Awarding Plaintiff and the Class injunctive relief pursuant to section 349 of the New York General Business Law, without limitation;

4.   Monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law with respect to the common law claims alleged;

5.   Statutory damages in the maximum amount provided by law;

6.   For an order awarding Plaintiff and the other Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

7.   For any further relief that the Court may deem appropriate.

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims in this action.

Dated: July 24, 2015

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**

By:   /s/ Jeremiah Frei-Pearson
Jeremiah Frei-Pearson
Todd S. Garber
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 298-3281
Fax: (914) 824-1561
tgarber@fbfglaw.com

*Attorneys for Plaintiff and the putative class*