UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WHOLE FOODS MARKET GROUP, INC. OVERCHARGING LITIGATION | Civil Action No. 1:15-cv-5838 (PAE) **Amended Consolidated Class Action Complaint** |

Plaintiffs Sean John and Joseph Bassolino, by their attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Napoli Shkolnik PLLC, as and for their Amended Consolidated Class Action Complaint,[1] allege, with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

## Nature of the Case

1.      This Action seeks to redress systematic overcharging by Whole Foods Market Group, Inc. ("Whole Foods") that has caused many New York consumers to overpay for pre-packaged products.

2.      Recently, the New York Department of Consumer Affairs announced an ongoing investigation against Whole Foods after finding that the company regularly overstates the weights of pre-packed products.  By overstating the weights of these products, Whole Foods is able to deceptively overcharge consumers.

3.      Whole Foods engages in a deceptive pricing scheme that targets consumers who are willing to pay Whole Foods, and who do pay Whole Foods, a premium for healthy, organic and natural groceries.  Unbeknownst to customers, but known to Whole Foods, the listed prices

---

[1] In its October 21, 2015 Order, the Court consolidated *John v. Whole Foods Market Group, Inc.,* 15 Civ. 5838 (PAE) with *Bassolino v. Whole Foods Market Group, Inc.,* 15 Civ. 6046 (PAE), and directed plaintiffs in both actions to file an Amended Consolidated Complaint under the caption *In re Whole Foods Market Group, Inc. Overcharging Litigation,* 15 Civ. 5383 (PAE).  (Dkt. No. 20).

of these products do not reflect the actual weight of the products.  Instead, Whole Foods routinely overstates the weight of these products and on that basis overcharges customers.

4.      As used herein, "Products" refers to the pre-packaged food products for which Whole Foods overcharged customers during the class period, to wit, those products thus far identified by Defendant, which may be amended as Plaintiffs learn more about the extent of Whole Foods' misconduct.[2]

5.      Plaintiffs bring this action against Whole Foods alleging damages sustained as a direct and proximate result of Whole Foods' violations of New York General Business Law § 349 *et seq.* ("N.Y. G.B.L. § 349"), New York General Business Law § 350 *et seq.* ("N.Y. G.B.L. § 350"), and Unjust Enrichment under the common law of New York on behalf of a class of persons who purchased pre-packaged products from Whole Foods' stores located in New York. This action seeks, *inter alia*, actual damages and refunds, punitive damages, injunctive relief, attorneys' fees, and the costs of this suit.

## Parties

6.      Plaintiff Sean John is a citizen of New York and resides in New York, New York. He regularly shops at Whole Foods locations in New York City.

7.      Plaintiff Joseph Bassolino is a citizen of the State of New York and resides in the County of Bronx, New York.  He regularly shops at Whole Foods locations in New York City.

8.      Defendant Whole Foods Market Group, Inc. is a Delaware corporation headquartered in Texas.  As "America's Healthiest Grocery Store," Whole Foods is a self-proclaimed leader in the provision of the "finest and organic foods available" to consumers.

---

[2] Exhibit A to Affidavit of Jeffrey Moll to Plaintiff's Motion to Remand, *Bassolino v. Whole Foods Marketing Group Inc.*, No. 15-cv-06046, Docket no. 41-1 (Oct. 19, 2015).

Whole Foods boasts on its website that it goes "to extraordinary lengths to satisfy . . . customers."[3]  It currently has 422 stores in the United States and United Kingdom.  Whole Foods maintains 15 stores within New York.

## Jurisdiction and Venue

9.      This court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because the aggregate claims of the Class (as defined below) exceed the sum or value of $5,000,000.00, and there is minimal diversity of citizenship between Plaintiffs and proposed Class members, and Defendant.

10.     This Court has personal jurisdiction over Defendant because it both intentionally avails itself of the rights and privileges of conducting business in New York and it has continuous and systematic contacts with New York State owing to Defendant's retail locations in New York, advertising targeting New York citizens, and sales of the their products in New York.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because substantial acts in furtherance of the alleged improper conduct giving rise to the claims herein, including the dissemination of false information regarding the Products, occurred within this District.

## Factual Allegations

12.     Whole Foods is an upscale food purveyor that proclaims to seek out "the finest natural and organic goods available, maintain the strictest quality standards in the industry, and [to have] an unshakeable commitment to sustainable agriculture."[4]

---

[3] WHOLE FOODS MARKET, http://www.wholefoodsmarket.com/mission-values/core-values/we-satisfy-delight-and-nourish-our-customers (last visited Nov. 3, 2015).

[4] WHOLE FOODS MARKET, http://www.wholefoodsmarket.com/company-info (last visited Nov. 3, 2015).

13.     Accordingly, Whole Foods stores within New York are stocked with premium priced groceries.  This includes various pre-packed groceries such as meats, dairy products, nuts, berries, vegetables, and seafood.[5]

14.     Plaintiffs and consumers purchasing these items pay the price labeled on the specific item and do so with the reasonable expectation that the product weight prominently identified on the front of the package is accurate.

15.     Whole Foods represents that it has accurately priced these items according to their respective actual weights.

16.     However, Whole Foods customers are getting less than what they pay for, because Whole Foods is routinely overcharging its customers by displaying a weight greater than the actual weight for the Products, and by calculating price based on the greater weight.

17.     Plaintiff John has routinely shopped, and purchased pre-packaged Products, at Whole Foods locations in New York City, including the locations at 250 7th Avenue, New York, New York and 95 East Houston Street, New York, New York.

18.     Plaintiff Bassolino has routinely shopped, and purchased various pre-packaged Products, at Whole Foods locations in New York City, including the location at 4 Union Square E., New York, New York.

19.     On June 24, 2015, the New York Department of Consumer Affairs ("DCA") announced its investigation uncovering Whole Foods' overstating the weight of some pre-

---

[5] Department of Consumer Affairs, *Department of Consumer Affairs Investigation Uncovers Systemic Overcharging for Pre-packaged Foods at City's Whole Foods* (July 24, 2015), available at http://www1.nyc.gov/site/dca/media/pr062415.page (last visited Nov. 3, 2015).

packaged products sold in some of the New York City stores.[6]  The DCA is investigating the grocery store chain for "systematic overcharging for pre-packed foods."[7]  In fact, DCA tests revealed that of the eighty different pre-packaged products tested, all were labeled erroneously.[8]

20.    The DCA also noted that 89% of the tested products did not meet Federal standards set by the Department of Commerce for the maximum amount that an individual package can deviate from the actual weight.[9]

21.    The tested products are not an isolated aberration at Whole Foods, but instead comprise of a wide range of goods including meats, dairy, and baked goods,[10] such as apple raisin strudel, cheese, cheese plates, chicken legs, chicken thighs, chocolate cupcakes, ground beef, pumpkin pie, red leicester, rotisserie chicken halves, split chicken breasts, vanilla cake, vegan cupcakes, and wing buckets.[11]

22.    During the class period, Plaintiff John, regularly purchased the pre-packaged Products. During 2014 and 2015, Plaintiff John purchased pre-packaged cheese and cupcakes approximately one or two times per month.

23.    During the class period, Plaintiff Bassolino regularly purchased the pre-packaged Products.  Beginning in 2010, Plaintiff Bassolino purchased pre-packaged chicken fingers

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Exhibit A to Affidavit of Jeffrey Moll to Plaintiff's Motion to Remand, *Bassolino v. Whole Foods Marketing Group Inc.*, No. 15-cv-06046, Docket no. 41-1 (Oct. 19, 2015).

several times every month from the Whole Foods located at 4 Union Square East, New York, New York 10003.

24.     The DCA found that Whole Foods' overstating the weights of these pre-packaged products resulted in overcharges to customers who purchased these products.

25.     The DCA found that "[t]he overcharges were especially prevalent in packages that had been labeled with exactly the same weight when it would be practically impossible for all of the packages to weigh the same amount."[12]

26.     Some of the more notable overpriced items are:

     a.     A package of coconut shrimp overpriced by $14.84;

     b.     Four packages of berries overpriced by $8.58;

     c.     Eight packages of $20.00 vegetable platters with an average overcharge of $2.50;

     d.     Eight packages of $9.99 chicken tenders, with an average overcharge of $4.13.[13]

27.     While the DCA's investigative efforts have revealed similar pricing issues at various grocery stores around New York City, the mislabeling the DCA discovered at Whole Foods is remarkable.  "Our inspectors tell me that this is the worst cases of mislabeling they have seen in their careers," stated DCA Commissioner Julie Menin.[14]

---

[12] Department of Consumer Affairs, *Department of Consumer Affairs Investigation Uncovers Systemic Overcharging for Pre-packaged Foods at City's Whole Foods*, available at http://www1.nyc.gov/site/dca/media/pr062415.page (last visited Nov. 3, 2015).

[13] *Id.*

[14] *Id.*

28.    This is not the first instance in which Whole Foods has engaged in deceptive business practices.  Since 2010, "Whole Foods stores have received more than 800 violations during 107 separate inspections since 2010, totaling more than $58,000 in fines."[15]

29.    Additionally, the cities of Los Angeles, Santa Monica, and San Diego recently brought a civil action against Whole Foods in California for overcharging customers.[16]

30.    The civil action on behalf of the people of California resulted in an $800,000 fine.[17]

31.    Despite prior fines and violations, Whole Foods continues to engage in deceptive practices by overcharging its customers, including Plaintiffs in this action.

32.    At the time they purchased the Products, Plaintiffs were unaware that Whole Foods was overcharging them for the Products.

33.    Plaintiffs were deceived into believing that Whole Foods was charging them by the actual weight of a given Product.

34.    Plaintiffs' injuries arise from Whole Foods' providing the incorrect weight of a given Product and charging Plaintiffs based upon that incorrect weight.

35.    Plaintiffs and other overcharged customers have no way of knowing that they were in fact being overcharged for the pre-packed Products.

---

[15] Justin Wm. Moyer, *Whole Foods Under Investigation for Overcharging in NYC*, WASHINGTON POST (July 24, 2015), available at http://www.washingtonpost.com/news/morning-mix/wp/2015/06/25/whole-foods-under-investigation-for-overcharging-in-nyc/ (last visited Nov. 3, 2015).

[16] A true and correct copy of the Complaint in *People of the State of California v. Whole Foods Market, Inc.,* SC122679 (Cal. Super. June 10, 2014) is attached hereto as Exhibit A.

[17] Stephanie Strom, *Whole Foods Accused of Overcharging in New York City Stores*, N.Y. TIMES (July 24, 2015), available at http://www.nytimes.com/2015/06/25/business/whole-foods-accused-of-overcharging-in-new-york-city-stores.html?_r=1 (last visited Nov. 3, 2015).

36.     Whole Foods' regular and systematic misrepresentation regarding the weights of its pre-packaged foods is misleading and deceptive to consumers.  Whole Foods has caused Plaintiffs and the Class to overpay for the various pre-packaged Products.  Plaintiffs therefore bring this action on behalf of themselves and the proposed Class to stop Whole Foods' deceptive business practices, false advertising, and to recover statutory damages and restitution.

## Class Action Allegations

37.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on their own behalves and on behalf of all others similarly situated.

38.     Subject to additional information obtained through further investigation and discovery, the following definition of the Class may be expanded or narrowed by amendment:

> All persons who purchased at least one of the pre-packaged goods identified in Exhibit A hereto from a Whole Foods store located within the State of New York within the previous six years

39.     Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or that Defendant otherwise controls or has controlled; any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant; and class counsel.

40.     This action is properly maintainable as a class action because:

a.     The Class consists of many thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including whether:

i.     Defendant violated N.Y. G.B.L. § 349;

ii.     Defendant violated N.Y. G.B.L. § 350;

{00274371 }                                    8

iii.     Defendant has unjustly enriched itself by deceptively overcharging customers for various pre-packaged goods identified herein;

iv.     Plaintiffs and the Class have sustained damages and, if so, the proper measure thereof; and

v.     Defendant should be enjoined from continuing to overcharge customers for various pre-packaged goods identified herein;

c.     The claims that Plaintiffs assert are typical of the claims of the members of the Class because the Plaintiffs' claims are based upon the same legal theories as those of the members of the Class, and because Plaintiffs' grievances, like those of the members of the class, all arise out of the same deceptive business practices and course of conduct of Whole Foods. Further, Plaintiffs damages arise out of a pattern of nearly identical and repetitive business practices conducted by Whole Foods;

d.     Plaintiffs can fairly and adequately protect the interests of the Class, and no conflict of interest exists between the Plaintiffs and the Class members or with respect to the claims for relief requested;

e.     Plaintiffs and their chosen attorneys are familiar with the subject matter of this action, have full knowledge of the allegations contained herein, are competent and experienced in class and complex litigation, including class litigation involving consumer protection, and have the resources to ensure that this litigation will not be hampered by lack of financial capacity; and

f.     Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

41.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

   a.     Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

   b.     It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

   c.     When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

   d.     A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense, and ensure uniformity of decisions;

   e.     The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

   f.     Defendant has acted on grounds generally applicable to Class members, making class-wide monetary relief appropriate.

42.     Defendant's violations N.Y. G.B.L. § 349, N.Y. G.B.L. § 350, and Unjust Enrichment under the common law of New York apply to all members of the Class, and Plaintiffs are entitled to have Defendant enjoined from continuing to engaging in the illegal and deceptive conduct complained of herein.

### FIRST CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 349)

43.     Plaintiffs incorporate by reference the allegations set forth above.

44.     The New York General Business Law § 349 provides, *inter alia*:

Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

45.     Plaintiffs and the members of the Class are consumers who purchased pre-packaged goods from Whole Foods locations in New York.

46.     Defendant is engaged in consumer-oriented conduct within the intended ambit of GBL § 349 because Defendant widely markets and sells its goods to the consuming public, and such conduct directly affects similarly situated consumers, and has a broad impact on consumers at large.

47.     Defendant's representations and false, deceptive, and misleading statements with respect to overcharging for pre-packaged goods, as described above, constitute deceptive acts or practices in the conduct of business, trade, or commerce in violation of the New York General Business Law.

48.     Defendant knowingly misrepresented and intentionally misstated the accurate price of pre-packaged goods.

49.     Defendant failed to charge accurate rates for a variety of pre-packaged goods. As a result, consumers were overcharged for such items in Whole Foods locations.

50.     Defendant's actions have caused direct, foreseeable, and proximate damages to Plaintiffs and the Class.

51.     As a consequence of Defendant's wrongful actions, Plaintiffs and the other members of the Class suffered direct, foreseeable, and ascertainable loss consisting of benefit-of-the-bargain damages (*i.e.*, the difference between the price paid, and the accurate price of the item consistent with its actual weight).

52.     By reason of the foregoing, Defendant is liable to Plaintiffs and the other

members of the Class for their actual damages or fifty dollars ($50) per violation, whichever is greater, punitive damages, injunctive relief, attorneys' fees, and the costs of this suit.

53.     Plaintiffs and the members of the Class seek to enjoin Whole Foods' unlawful, deceptive acts and practices, described above.

54.     Absent injunctive relief, Defendant will continue to overcharge New York consumers for pre-packaged goods.

55.     THEREFORE, Plaintiffs prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 350)

56.     Plaintiffs incorporate by reference the allegations set forth above.

57.     The New York General Business Law § 350 provides, *inter alia*:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

58.     GBL § 350-a defines "false advertising," in relevant part, as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

59.     Plaintiffs and the members of the Class are consumers who purchased pre-packaged goods from Whole Foods locations in New York.

60.     Defendant is engaged in the conduct of business, trade, or commerce within the intended ambit of GBL § 350.

61.     Defendant's representations made by statement, word, design, device, sound, or any combination thereof, and also the extent to which the Defendants' advertising fails to reveal material facts with respect to overcharging for pre-packaged goods, as described above, constitute false advertising in violation of the New York General Business Law.

62.     Defendant knowingly misrepresented and intentionally misstated the accurate price of pre-packaged goods.

63.     Defendant failed to charge accurate rates for a variety of pre-packaged goods. As a result, consumers were overcharged for such items in Whole Foods locations.

64.     Defendant's actions have caused direct, foreseeable, and proximate damages to Plaintiffs and the Class.

65.     As a consequence of Defendant's wrongful actions, Plaintiffs and the other members of the Class suffered direct, foreseeable, and ascertainable loss consisting of benefit-of-the-bargain damages (*i.e*., the difference between the price paid, and the accurate price of the item consistent with its actual weight).

66.     By reason of the foregoing, Defendant is liable to Plaintiffs and the other members of the Class for their actual damages or five hundred dollars ($500) per violation, whichever is greater, punitive damages, injunctive relief, attorneys' fees, and the costs of this suit.

67.     Plaintiffs and the members of the Class seek to enjoin Whole Foods' false advertising, described above.

68.     Absent injunctive relief, Defendant will continue to overcharge New York consumers for pre-packaged goods.

69.     THEREFORE, Plaintiffs prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Unjust Enrichment)**

70.     Plaintiffs incorporate by reference the allegations set forth above.

71.     Plaintiffs and members of the Class conferred benefits on Defendant by purchasing the pre-packaged goods at overstated prices.

72.     Defendant has knowledge of such benefits.

73.     By engaging in the misconduct described above, Defendant has unjustly enriched itself because it has received a benefit at the expense of and detriment to Plaintiffs and the members of the Class that would be inequitable for Defendant to retain because Defendant falsely and materially misrepresented the prices of its pre-packaged goods. Plaintiffs and members of the Class were unjustly deprived of payments because they would not have paid the excessive charges for the pre-packaged goods had the true facts been known

74.     Because it would be unjust and inequitable for Defendant to retain the difference between the price charged (and paid), and the accurate price of the pre-packaged goods consistent with the actual weights, Plaintiffs and members of the Class are entitled to restitution for Defendant's unjust enrichment.

75.     THEREFORE, Plaintiffs prays for relief as set forth below.

## **Prayer for Relief**

WHEREFORE, Plaintiffs, individually and on behalf of the Class members, respectfully request that the Court enter judgment against Defendant as follows:

1.     Certifying this action as a class action, with a class as defined above;

2.     Requiring that Defendant pay for notifying the Class members of the pendency of this suit;

3.     Awarding Plaintiffs and the Class injunctive relief pursuant to §§ 349 and 350 of the New York General Business Law, without limitation;

4.      Monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law with respect to the common law claims alleged;

5.      Restitution of ill-gotten gains;

6.      Statutory damages in the maximum amount provided by law;

7.      An order awarding Plaintiffs and the Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

8.      Any further relief that the Court deems appropriate.

**<u>Demand for Jury Trial</u>**

Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated: New York, New York
            November 3, 2015

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By:     *Jeremiah Frei-Pearson*
            Jeremiah Frei-Pearson
            D. Greg Blankinship
            Todd S. Garber
            1311 Mamaroneck Avenue
            White Plains, New York 10605
            Tel: (914) 298-3281
            Fax: (914) 824-1561
            jfrei-pearson@FBFGLaw.com

                        -and-

**NAPOLI SHKOLNIK PLLC**

By:  _/s/ Marie Napoli_____
      Marie Napoli
      Annie Causey
      1301 Avenue of the Americas, 10th Floor
      New York, New York 10019
      (212) 397-1000
      mnapoli@napolilaw.com
      acauseyd@napolilaw.com

      *Attorneys for Plaintiffs and the putative*
      *class*