# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
IN RE WHOLE FOODS MARKET       :    Case No. 15 Civ. 5838 (PAE)
GROUP, INC. OVERCHARGING      :
LITIGATION                    :
                                     :
-------------------------------------------------------X

### DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF 30(B)(6) DEPOSITION

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Whole Foods Market Group, Inc. ("Whole Foods"), by its undersigned counsel, Greenberg Traurig, LLP, hereby serves these objections to Plaintiff Sean John's Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) of Whole Foods, dated November 9, 2017 ("Deposition Notice"), and states as follows:

### GENERAL RESPONSES AND OBJECTIONS

1. These objections are made consistent with the Court's Order dated October 16, 2017 (D.E. 52) (the "Order"), pursuant to which the parties were directed to submit a case management plan providing for full fact discovery of Plaintiff John's claims and the resolution of any summary judgment motions on those claims to occur prior to any discovery uniquely relevant to class certification, and the Civil Case Management Plan and Scheduling Order entered herein on October 23, 2017 (D.E. 56) (the "CMO") providing for "Phase One" discovery limited to Plaintiff Sean John's claims. Whole Foods objects to this Deposition Notice to the extent that it seeks discovery beyond the scope set forth in the Order and the CMO.

2. Whole Foods objects to this Deposition Notice to the extent that it attempts to impose obligations on it other than those authorized or imposed by the applicable laws, the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern

District of New York, including but not limited to Federal Rule of Civil Procedure 26(b)(1), which provides that discovery must be proportional to the needs of the case.

3.   Whole Foods objects to this Deposition Notice to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privileges, including discussions after the commencement of this litigation relating to the allegations in this litigation.   Information subject to such privileges or work product protection will not be provided.   Moreover, the inadvertent disclosure of information protected by any such privilege or doctrine shall not constitute a waiver thereof, either as to the inadvertent disclosure or as to any other documents.

4.   Whole Foods objects to this Deposition Notice to the extent it seeks information that is not within its possession, custody, or control.

5.   Whole Foods objects to this Deposition Notice insofar as it is not limited to a reasonable time period and seeks information relating to "the period from July 24, 2012 to the present." Deposition Notice at 4 (Instructions, ¶ 9).  Plaintiff John alleges that he purchased pre-packaged cheese and cupcakes from Whole Foods stores in 2014 and 2015.  *See* D.E. 27, Amended Consolidated Class Action Complaint ("Complaint"), at ¶ 22.  Unless otherwise stated, Whole Foods's responses are limited to the period January 1, 2014 through November 6, 2015 (the "period in question"), which is the date of filing of the Amended Consolidated Class Action Complaint (D.E. 27) ("Complaint").

6.   Whole Foods objects to this Deposition Notice to the extent that it seeks information relating to Whole Foods stores other than the two (2) store locations at which Plaintiff Sean John alleges that he personally purchased pre-packaged products (the "At-Issue Stores").  *See*

AUS 536724145v5

AUS 536724145v7

Complaint at ¶ 17 (identifying store locations at 250 7th Avenue, NY, NY (the "Chelsea Store"), and 95 East Houston Street, NY, NY (the "Bowery Store")).

7.   Whole Foods objects to the definition of "Whole Foods," "Defendant," "you" and "yours" in this Deposition Notice to include "affiliates," "agents," "consultants," and other third parties.  Whole Foods will only produce information that is within the possession, custody or control of Whole Foods itself.

8.   Whole Foods objects to the definition of "pre-packaged food products" in these deposition topics to include products other than those alleged to have been purchased by Plaintiff Sean John.  *See* Complaint ¶ 22 (identifying "pre-packaged cheese and cupcakes").

9.   Whole Foods objects to this Deposition Notice, including to the Definitions and Instructions therein, to the extent that it is overly broad, vague, ambiguous, incomprehensible, or otherwise lacking in sufficient precision to permit a response, oppressive, unreasonably cumulative, duplicative or intended to harass, and not relevant to the subject matter of this action.

10. Whole Foods objects to this Deposition Notice, including to the Definitions and Instructions therein, to the extent it would require responses that are overbroad, unduly burdensome, and/or not proportional to the needs of the case.

11. Whole Foods objects to this Deposition Notice, including to the Definitions and Instructions therein, to the extent that it calls for information that is not relevant.

12. Whole Foods objects to producing information containing confidential, proprietary and/or competitively sensitive information in the absence of an appropriate confidentiality order.

13. Whole Foods's objections and responses to this Deposition Notice are based upon information currently available to it and in the possession, custody, or control of custodians identified by Whole Foods.  Whole Foods reserves the right to rely on any facts, information or

other evidence which may develop or subsequently come to its attention, to assert additional objections, or to supplement or amend its discovery responses at any time.

14. Whole Foods does not concede that any of its objections and responses stated in these Objections are or will be admissible evidence at a trial of or any hearing in these actions. Whole Foods does not waive any objection, on any ground, whether or not asserted herein, to the use of any such objections and responses at any such trial or hearing.

15. The foregoing General Objections shall be deemed incorporated by reference in the specific objections to each Deposition Topic as if fully set forth therein, and are not waived by the production of information in response to any particular Deposition Topic.

## DEPOSITION TOPICS

**TOPIC NO. 1.**   The identity and content of all documents or data reflecting the packaging, weighing, labeling, pricing, and sales of Whole Foods Pre-Packaged Food Products, and the person(s) responsible for maintaining such documents or data.

### SPECIFIC OBJECTIONS:

*See* General Objections. Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case. By way of example, given Plaintiff's overly broad definition of Pre-Packaged Food Products, this request for deposition on the identity and content of all documents reflecting the sales of Pre-Packaged Food Products could encompass documents relating to each and every individual consumer grocery purchase in Whole Foods since 2012. Similarly, the request for information relating to packaging of Whole Foods Pre-Packaged Foods could encompass documents or communications that in no way relate to the allegations in this case. These are merely examples to illustrate the overbreadth of this deposition topic, which extends well outside the limited scope of "Phase One" discovery authorized by the Court's scheduling order.

4

Subject to the forgoing objections, Whole Foods agrees to produce a 30(b)(6) witness to discuss the identity and content of documents or data relating to the weights and prices of the types of bakery and cheese products that plaintiff claims he purchased at the at-issue stores during the period in question as relating to his claim that the items weighed less than the amount shown on the label, and  the person(s) responsible for maintaining such documents or data. To the extent that the requested information relating to the types of bakery and cheese products that plaintiff claims he purchased at the at-issue stores would also be the same as relating to other types of Pre-Packaged Foods, Whole Foods agrees to produce a witness to discuss that topic.

**TOPIC NO. 2.**  All systems or databases used by Whole Foods or its employees to record or track the packaging, weighing, labeling, pricing and sales of Whole Foods Pre-Packages Food Products, and the person(s) responsible for maintaining such systems or databases.

**SPECIFIC OBJECTIONS:**

*See* General Objections.  Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case.  By way of example, given Plaintiff's overly broad definition of Pre-Packaged Food Products, this request for deposition on the identity and content of all documents reflecting the sales of Pre-Packaged Food Products could encompass each and every individual consumer grocery purchase in Whole Foods since 2012.  Similarly, the request for information relating to packaging of Whole Foods Pre-Packaged Foods could encompass documents and communications, including commercially sensitive marketing and advertising information, that in no way relate to the allegations in this case. These are merely examples to illustrate the

AUS 536724145v5

AUS 536724145v7

overbreadth of this deposition topic, which falls well outside the limited scope of "Phase One" discovery authorized by the Court's scheduling order.

Furthermore, Whole Foods objects to this deposition topic as unclear.  The terms "systems" and "databases" are not defined in Plaintiff's request, and it is not clear whether Plaintiff is seeking information about formal or informal; national, regional, store, or even team specific policies; etc. To the extent that this topic encompasses databases and systems beyond those in the Northeast Region of Whole Foods Market Group, Inc. (the "Northeast Region") relating specifically to the types of prepackaged products sold at the at issue stores during the period in question, the request is overbroad. Therefore, this deposition topic does not provide Whole Foods with meaningful guidance regarding the type of information sought.

Subject to the forgoing objections, Whole Food agrees to produce a 30(b)(6) witness to discuss systems or databases used by Whole Foods or its employees in the Northeast Region during the period in question to record or track the packaging, weighing, labeling, pricing and sales of Whole Foods Pre-Packaged Food Products, and the person(s) responsible for maintaining such systems or databases, to the extent relating to plaintiff's claims that the bakery and cheese items he purchased at the at issues stores during the period in question weighed less than the amounts shown on the labels. To the extent that the requested information relating to the types of bakery and cheese products that plaintiff claims he purchased at the at-issue stores would also be the same as relating to other types of Pre-Packaged Foods, Whole Foods agrees to produce a witness to discuss that topic.

**TOPIC NO. 3.**   The identity and content of all documents or data reflecting the purchases and weights of all meats, produce, dairy products, and other food products that Whole

Foods subsequently packages for sale in its Pre-Packaged Food products, and the person(s) responsible for maintaining such documents or data.

**SPECIFIC OBJECTIONS:**

*See* General Objections.  Whole Foods further objects to this topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case.  By way of example, given Plaintiff's overly broad definition of Pre-Packaged Food Products, this request for deposition on the identity and content of all documents reflecting the sales of Pre-Packaged Food Products could encompass each and every individual consumer grocery purchase in Whole Foods since 2012.  Similarly, the request for all information relating to packaging of Whole Foods Pre-Packaged Foods could encompass documents, including commercially sensitive marketing and advertising information, that in no way relates to the allegations in this case. Furthermore, the phrase "reflecting purchases and weights" of all products could be interpreted to include all documents relating to Whole Foods contracts with actual or potential third-party vendors, which is both highly sensitive and wholly irrelevant to the allegations in Plaintiff's complaint. Further, this topic is overbroad to the extent that it relates to products other than the types of bakery and cheese products that plaintiff claims he purchased.  These are merely examples to illustrate the improper breadth of this deposition topic, which extends well outside the limited scope of "Phase One" discovery authorized by the Court's scheduling order.

Subject to the forgoing objections, Whole Food agrees to produce a 30(b)(6) witness to discuss the identity and content of documents or data reflecting the purchases and weights by the Northeast Region during the period in question  of the types of bakery and cheese products that plaintiff alleges that he purchased at the at issues stores during the period in question, to the extent that such documents or data relate to his claims that the items of such products that he purchased weighed less than the weights shown on the labels. To the extent that the requested

AUS 536724145v5

AUS 536724145v7

information relating to the types of bakery and cheese products that plaintiff claims he purchased at the at-issue stores would also be the same as relating to meats, produce, other dairy products, and other food products that Whole Foods subsequently packages for sale in its Pre-Packaged Food products, Whole Foods agrees to produce a witness to discuss that topic.

**TOPIC NO. 4.**  All systems or databases used by Whole Foods or its employees to record or track the purchases and weight of all meat, produce, dairy products, and other food products that Whole Foods subsequently packages for sale in its Pre-Packaged Food Products, and the person(s) responsible for maintaining such systems or databases.

**SPECIFIC OBJECTIONS:**

*See* General Objections.  Whole Foods further objects to this topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case.  By way of example, given Plaintiff's overly broad definition of Pre-Packaged Food Products, this request for deposition on the identity and content of all documents reflecting the sales of Pre-Packaged Food Products could encompass each and every individual consumer grocery purchase in Whole Foods since 2012.  Similarly, the request for all documents relating to packaging of Whole Foods Pre-Packaged Foods could encompass documents, including commercially sensitive marketing and advertising information, that in no way relates to the allegations in this case. Furthermore, the phrase "reflecting purchases and weights" of all products could be interpreted to include all documents relating to Whole Foods contracts with actual or potential third-party vendors, which is both highly sensitive and wholly irrelevant to the allegations in Plaintiff's complaint.  Further, this topic is overbroad to the extent that it relates to products other than the types of bakery and cheese products that plaintiff claims he purchased.  These are merely examples to illustrate the improper breadth of this deposition topic, which extends well

8

outside the limited scope of "Phase One" discovery authorized in by the Court's scheduling order.

Furthermore, Whole Foods objects to this deposition topic as unclear. The terms "systems" and "databases" are not defined in Plaintiff's request, and it is not clear whether Plaintiff is seeking information about formal or informal, national, regional, store, or even team specific policies, etc. Therefore, this deposition topic does not provide Whole Foods with meaningful guidance regarding the type of information sought.

Subject to the forgoing objections, Whole Food agrees to produce a 30(b)(6) witness to discuss systems or databases used by the Northeast Region or its employees during the period in question to record or track the purchases and weight of the types of bakery and cheese products that plaintiff alleges that he purchased at the at issues stores during the period in question, to the extent that such documents or data relate to his claims that the items of such products that he purchased weighed less than the weights shown on the labels. To the extent that the requested information relating to the types of bakery and cheese products that plaintiff claims he purchased at the at-issue stores would also be the same as relating to meats, produce, other dairy products, and other food products that Whole Foods subsequently packages for sale in its Pre-Packaged Food products, Whole Foods agrees to produce a witness to discuss that topic.

**TOPIC NO. 5.** Any New York City Department of Consumer Affairs investigations, inquiries, audits, or reviews concerning the extent to which Whole Foods' Pre-Packaged Food Products are properly labeled as to weight.

**SPECIFIC OBJECTIONS:**

*See* General Objections. Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case. Whole Foods further objects to this Request on the ground that it seeks information

AUS 536724145v5

AUS 536724145v7

beyond the scope of the Order and the CMO.  Whole Foods further objects to this deposition topic on the ground that it seeks information that is subject to the attorney client privilege and/or work product protection.

Subject to and without waiver of the foregoing, Whole Foods agrees to produce a 30(b)(6) witness to discuss the following topics:

a) communications with DCA concerning investigations, inquiries, audits, or reviews during the period January 1, 2014 through December 31, 2015 regarding the extent to which Whole Foods' pre-packaged food products are properly labeled as to weight at the At-Issue Stores, including the investigation resulting in the Consent Order entered into between the DCA and Whole Foods, dated December 23, 2015 (the "Consent Order") to the extent such communications are generally applicable to all New York City stores so as to encompass the At-Issue Stores or to the extent such communications are specifically applicable to the At Issue Stores;

b) non-privileged internal memoranda or communications concerning such investigations (to the extent such documents exist), to the same extent as described in subpart (a);

c) documents provided by Whole Foods to the DCA in connection with such investigations; and

d) documents received by Whole Foods from the DCA concerning such investigations.

10

**TOPIC NO. 6.**  Any other local, state, or federal agency investigations, inquiries, audits, or reviews concerning the extent to which Whole Foods' Pre-Packaged Foods Products are properly labeled as to weight.

**SPECIFIC OBJECTIONS:**

*See* General Objections.  Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome and not relevant or proportional to the needs of the case.  Whole Foods further objects to this topic to the extent that it seeks information regarding investigations, inquiries, audits, or reviews that are not generally applicable to all Whole Foods stores so as to encompass the two at issue stores during the period in question or specifically applicable to those stores during the period in question.  Whole Foods further objects to this topic on the ground that it seeks information that is subject to the attorney-client privilege and/or work product protection, or any other applicable privilege or protection

Subject to and without waiver of the foregoing, Whole Foods will produce a 30(b)(6) witness to discuss non-privileged information concerning the following topics:

> a) communications with other   local, state, or federal agencies concerning investigations, inquiries, audits, or reviews during the period in question  regarding the extent to which Whole Foods' pre-packaged food products are properly labeled as to weight,   to the extent such communications are generally applicable to all Whole Foods  stores so as to encompass the At-Issue Stores or to the extent such communications are specifically applicable to the At Issue Stores during the period in question;

11

b) non-privileged internal memoranda or communications concerning such investigations (to the extent such documents exist), to the same extent as described in subpart (a);

c) documents provided by Whole Foods to any such agency regarding any such investigations as described in subpart (a); and

d) documents received by Whole Foods from any such agency concerning such investigations.

**TOPIC NO. 7.**  Any internal investigations, inquiries, audits, or reviews conducted by Whole Foods concerning the extent its Pre-Packaged Food Products are properly labeled as to weight, including but not limited to audits carried out under the terms of the December 23, 2015 Consent Order entered into by Whole Foods and the New York City Department of Consumer Affairs.

**SPECIFIC OBJECTIONS:**

*See* General Objections.  Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome and not relevant or proportional to the needs of the case.  Whole Foods further objects to this Request to the extent that it seeks information beyond the scope of the Order and the CMO.  Whole Foods further objects to this deposition topic to the extent that it seeks information that is subject to the attorney client privilege and/or work product protection.

Subject to and without waiver of the foregoing, Whole Foods agrees to produce a 30(b)(6) witness to discuss any non-privileged internal investigations, inquiries, audits, or reviews conducted by Whole Foods during the period in question or relating thereto concerning the extent to which  its Pre-Packaged Food Products are properly labeled as to weight, including

12

but not limited to audits carried out under the terms of the December 23, 2015 Consent Order entered into by Whole Foods and the New York City Department of Consumer Affairs, to the extent generally applicable to Whole Foods' New York City stores so as to encompass the two at issue stores or to the extent specifically applicable to the two at issue stores during the period in question. .

**TOPIC NO. 8.**   The manner or means by which Whole Foods employees are trained to weigh and label Pre-Packaged Food Products.

**SPECIFIC OBJECTIONS:**

*See* General Objections.   Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case.   Whole Foods further objects to this topic to the extent that it seeks documents beyond the scope of the Order and the CMO.   Whole Foods further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege and/or work product protection, or any other applicable privilege or protection.

Subject to, and without waiver of the foregoing, Whole Foods will produce a 30(b)(6) witness to provide non-privileged information concerning or applicable to the training of Whole Foods employees at the Bakery and Specialty departments for At-Issue stores during the period in question concerning how to weigh and label prepackaged foods, including training not specifically directed at employees of those departments but applicable to them. To the extent that the requested information relating to the Bakery and Specialty Departments would also be the same as relating to other departments handling other types of Pre-Packaged Foods, Whole Foods agrees to produce a witness to discuss that topic.

AUS 536724145v5

AUS 536724145v7

**TOPIC NO. 9.**  Whole Foods' internal policies, standards, or instructions concerning the weighing and labeling of Pre-Packaged Food Products.

**SPECIFIC OBJECTIONS:**

*See* General Objections.  Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case.  Whole Foods further objects to this topic to the extent that it seeks documents beyond the scope of the Order and the CMO.  Whole Foods further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege and/or work product protection, or any other applicable privilege or protection.

 Subject to, and without waiver of the forgoing, Whole Foods will produce a 30(b)(6) witness to provide non-privileged information concerning Whole Foods' internal policies, standards, or instructions concerning the training of Whole Foods employees at the Bakery and Specialty departments at the At-Issue stores during the period in question concerning how to weigh and label prepacked foods, including training not specifically directed at employees of those departments  but applicable to them. To the extent that the requested information relating to the Bakery and Specialty Departments would also be the same as relating to other departments handling other types of Pre-Packaged Foods, Whole Foods agrees to produce a witness to discuss that topic.

**TOPIC NO. 10.**  The policies, procedures, or means by which Whole Foods monitors and enforces compliance with its training, policies, standards, or instructions concerning the weighing and labeling of Pre-Packaged Food Products, including audits.

AUS 536724145v5

AUS 536724145v7

**SPECIFIC OBJECTIONS:**

*See* General Objections.  Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case.  Whole Foods further objects to this topic to the extent that it seeks documents beyond the scope of the Order and the CMO.  Whole Foods further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege and/or work product protection, or any other applicable privilege or protection.

Subject to, and without waiver of the forgoing, Whole Foods will produce a 30(b)(6) witness to provide non-privileged information concerning policies, procedures, or means by which Whole Foods monitors and enforces compliance with its training, policies, standards, or instructions during the period in question concerning the weighing and labeling of Pre-Packaged Food Products, including audits, to the extent encompassing Whole Foods employees at the Bakery and Specialty departments at At-Issue stores,  including training not specifically directed at employees of those departments but applicable to them.  To the extent that the requested information relating to the Bakery and Specialty Departments would also be the same as relating to other departments handling other types of Pre-Packaged Foods, Whole Foods agrees to produce a witness to discuss that topic.

**TOPIC NO. 11.**   Whole Foods' policies and procedures with respect to complaints Whole Foods received concerning the weight of Pre-Packaged Goof Products, including but not limited to the identification of the various ways consumers can make such complaints to Whole Foods, how Whole Foods records, saves, or tracks such complaints, and Whole Foods' policies and procedures concerning its responses to such complaints.

15

**<u>SPECIFIC OBJECTIONS:</u>**

*See* General Objections.  Whole Foods further objects to this deposition topic on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case.  Whole Foods further objects to this topic to the extent that it seeks documents beyond the scope of the Order and the CMO.  Whole Foods further objects to this topic to the extent that it seeks information that is subject to the attorney-client privilege and/or work product protection, or any other applicable privilege or protection.

 Subject to, and without waiver of the forgoing, Whole Foods will produce a 30(b)(6) witness to provide non-privileged information concerning Whole Foods' policies and procedures with respect to complaints Whole Foods received, if any, during the period in question concerning the weight of Pre-Packaged Food Products, including but not limited to the identification of the various ways consumers could make such complaints to Whole Foods, how Whole Foods recorded, saved, or tracked such complaints, and Whole Foods' policies and procedures concerning its responses to such complaints, during the period in question  to the extent generally applicable to New York City stores or specifically applicable to the two at issue stores.

*AUS 536724145v5*

*AUS 536724145v7*

Dated: New York, New York
         January 12, 2018

                        GREENBERG TRAURIG, LLP
                        By: */s/ David E. Sellinger*
                              David E. Sellinger

                        David E. Sellinger, Esq.
                        200 Park Avenue
                        New York, New York 10166
                        (212) 801-9200
                        (212) 801-6400 (fax)

                        Gregory J. Casas, Esq. (admitted *pro hac vice*)
                        200 Park Avenue
                        New York, New York 10166
                        (212) 801-9200
                        (212) 801-6400 (fax)

                        John Hempfling, Esq.
                        (Admitted *Pro Hoc* Vice)
                        Texas State Bar No.  231788
                        Sr. Global Litigation Counsel
                        Whole Foods Market Central Office
                        550 Bowie Street
                        Austin, Texas  78703
                        Tel:  512.542.0213
                        John.Hempfling@wholefoods.com

                        *Attorneys for Defendant*

17