# EXHIBIT D

| | |
|---|---|
| **From:** | Greg Blankinship |
| **To:** | Sellinger, David E. (Shld-NJ-LT) |
| **Cc:** | Andrew White; krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT) |
| **Subject:** | Re: John v. WFMG |
| **Date:** | Monday, January 15, 2018 4:10:10 PM |

I can do a call now for about 20 min.   I think we have always been clear that your "objections" are procedurally and substantively infirm. Nonetheless i think Andrew's email addressed your substantive concerns. Maybe you can identify what substantive areas of dispute remain?

Sent from my iPhone

On Jan 15, 2018, at 1:07 PM, "sellingerd@gtlaw.com" <sellingerd@gtlaw.com> wrote:

> Andrew,
> If you can't make the call today, we need to know your position by tomorrow morning on the Objections.  If you continue to assert that you are entitled to a broader scope of 30(b)(6) deposition than the scope to which we have agreed and if you contend that the objections are inadequate to preserve our objections or that a protective order is necessary to protect our rights, we need to know by 10:30 AM tomorrow. Thank you.
>
> **From:** Andrew White [mailto:awhite@fbfglaw.com]
> **Sent:** Monday, January 15, 2018 3:59 PM
> **To:** Sellinger, David E. (Shld-NJ-LT); Greg Blankinship; krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT)
> **Subject:** RE: John v. WFMG
>
> Thanks David,
>
> Just to reiterate from my earlier email, we've had some travel schedule changes and won't be able to make the 5 pm call.
>
> For three of the topics (Nos. 1, 3, and 9), Defendant has listed multiple deponents – can you please clarify if there are discrete portions of those topics that each listed deponent is being designated for, and, if so, what those sub-topics are for each witness?
>
> Best,
> ~Andrew
>
> **From:** sellingerd@gtlaw.com [mailto:sellingerd@gtlaw.com]
> **Sent:** Monday, January 15, 2018 3:20 PM

**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; sellingerd@gtlaw.com; krichman@richmanlawgroup.com; CasasG@gtlaw.com; John.Hempfling@wholefoods.com; demaisj@gtlaw.com; clementsj@gtlaw.com; cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; mcevoyt@gtlaw.com; douglasz@gtlaw.com; Andrew White <awhite@fbfglaw.com>
**Subject:** FW: John v. WFMG

Greg,
Attached is a list of the Whole Foods designees showing the various topics which each will address at your 30(b)(6) deposition.  Please let us know the order in which you wish to examine them and the approximate time for each, so we can plan for the day.
We will be speaking with you at 5 Pm Eastern today to discuss our Objections to the Subpoena.
Best,
David

**From:** Greg Blankinship [mailto:gblankinship@FBFGLaw.com]
**Sent:** Thursday, January 11, 2018 4:26 PM
**To:** Sellinger, David E. (Shld-NJ-LT); krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT); Andrew White
**Subject:** RE: John v. WFMG

Thanks David –regarding the 30(b)(6) notice, see my comments below.  We are of course happy to meet and confer on any discovery topic, but please note that I am travelling tomorrow through Tuesday and so will have very limited availability during that time.

**From:** sellingerd@gtlaw.com [mailto:sellingerd@gtlaw.com]
**Sent:** Thursday, January 11, 2018 4:17 PM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; krichman@richmanlawgroup.com; CasasG@gtlaw.com; John.Hempfling@wholefoods.com; demaisj@gtlaw.com; clementsj@gtlaw.com; cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; mcevoyt@gtlaw.com; douglasz@gtlaw.com; Andrew White <awhite@fbfglaw.com>
**Subject:** FW: John v. WFMG

Greg,
We're happy to discuss any of the issues you wish to raise. Of course, we are willing to meet and confer with you regarding our objections to the scope of the 30(b)(6) notice.  I think it would be most productive and efficient for you to await receipt of our objections before that meet and confer.
Best regards,

David

---

**From:** Greg Blankinship [mailto:gblankinship@FBFGLaw.com]
**Sent:** Thursday, January 11, 2018 1:34 PM
**To:** Sellinger, David E. (Shld-NJ-LT); Andrew White
**Cc:** krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT); Andrew White
**Subject:** RE: John v. WFMG

David:

Our request for documents prior to the depo is quite straightforward, and consistent with what I told you we wanted for the 30(b)(6) depo months ago. Note that I am not suggesting that WF should complete its entire production before the 30(b)(6). Indeed, part of the purpose of the deposition is to identify what documents and data Whole Foods possesses.

Your lengthy and largely gratuitous email does not address at all the specific documents (most of which do not involve ESI) we asked for – please be prepared to either confirm you will produce these documents by COB tomorrow or justify why you are withholding them:

- All documents regarding the D.C.A. investigation, including communications between Whole Foods and the D.C.A.
- All documents regarding Whole Foods' own inspections and investigations into the allegations of underweight pre-packaged food products at any of the At-Issue Stores (including such inspections or investigations that covered all NYC stores).
- All training materials or in-store procedures concerning the weighing and packaging of pre-packaged food products that were in use at any of the At-Issue Stores during the relevant time period (including such inspections or investigations that covered all NYC stores).
- All customer complaints Whole Foods received concerning the weights of pre-packaged food products at any of the At-Issue Stores.
- All prior versions of the policies and procedures documents Whole Foods has produced to date that were in use at any of the At-Issue Stores during the relevant time period.

Most egregiously, most of the policy documents you produced are from 2017, not apparently the policies in force during the relevant time period.

Regarding the other issues you raised:

1. We will not agree to limit our right to take whatever depositions are needed for the case, and you are mistaken if you think you can name a number of witnesses for one 30(b)(6) and then not make those witnesses available for individual depositions. Or even that you can shield one witnesses from being deposed in his individual capacity by naming that person as the 30(b)(6) witness.
2. There is no provision in the rules for "objections" to Rule 30(b)(6) notices. Under the rules, you are obligated to have a timely meet and confer regarding any issues you might have had and, if those are

      unsuccessful, you must move for a protective order sufficiently in advance of the deposition. Any "objections" are of no force or effect.
3. Now that you have for the first time agreed to maintain the confidentiality of Plaintiff's confidential documents, we will make a production today or tomorrow.

Finally, I note that your privilege log is long overdue. When are you planning on producing one?

---

**From:** sellingerd@gtlaw.com [mailto:sellingerd@gtlaw.com]
**Sent:** Thursday, January 11, 2018 12:50 PM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; Andrew White <awhite@fbfglaw.com>
**Cc:** krichman@richmanlawgroup.com; CasasG@gtlaw.com; John.Hempfling@wholefoods.com; demaisj@gtlaw.com; clementsj@gtlaw.com; WhiteA@gtlaw.com; cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; mcevoyt@gtlaw.com; douglasz@gtlaw.com
**Subject:** RE: John v. WFMG

Greg:

This is to respond to your email of this morning. As evidenced by the facts discussed in Andrew White's email of January 8 to which you refer, Whole Foods has been working very diligently to produce documents sought in your requests, and has already produced a very large volume of responsive documents. Contrary to your unjustified comment about intentional delay, we produced in excess of 10,000 pages of documents before the end of the year, requiring review of voluminous electronic records; we had people working over the holiday period to continue our review and production effort; and we are still working hard on review and production of additional ESI. The documents produced already include, inter alia, documents relating to the DCA investigation, training materials regarding weights and measures practices, and policies and procedure documents pertaining to the weights and measures practices at the at-issue stores.

We are currently reviewing ESI associated with the individuals who will be witnesses at the 30(b)(6) deposition and expect to be able to

finish production of their applicable emails and associated documents, if any, by the end of the week (hopefully by COB tomorrow; in all events by some time on Saturday).  That production will include their emails, if any, responsive to your requests for production.  With that supplemental production,  we will have completed production of documents which we agreed to produce, as discussed in our meet and confer, to the extent possible on the timeframe you have requested.

In addition, I note that responding to your requests requires review of voluminous ESI from a number of company custodians.  On December 27,  we proposed search terms for that review.  You have not yet responded to those proposed search terms, although, in an email on January 5,  you said you would do so.  When and if we are able to agree on search terms, we will review company records of additional custodians for additional potentially responsive documents but it will not be possible to complete the review and production of all ESI that may include potentially responsive documents in time for the 30(b)(6) deposition scheduled for January 16. In connection with that deposition, we have necessarily searched the ESI of the individuals who will be the 30(b)(6) witnesses,  using the search terms that we proposed. We will produce the documents of other custodians as soon as we are able to do so, but such review cannot commence until after agreement on search  terms and an ESI protocol.

Whole Foods has agreed to produce witnesses for the 30(b)(6) deposition on January 16 and is planning to proceed on that date. However, **Whole Foods will only produce those witnesses once for Phase One discovery.**  You are free to proceed with your deposition on that date if you wish **or** to proceed at a later date when the Phase One production has been completed.

Separately, your 30(b)(6) notice is overbroad given the scope of Phase One discovery.  We will be serving formal objections to your

30(b)(6) notice within the next couple of days; however, Whole Foods will be designating witnesses to cover most of the topics consistent with the approach we've taken in our discovery responses and discussed with you.

If you'd like to meet and confer today, we're available for a call at 5:30 PM, at which time we can provide an update on this week's production, including the estimated volume.

In addition, your responses to Whole Foods' written discovery were due on December 20. In an email on that date, Andrew White agreed to produce those documents after the parties agreed on a confidentiality order. We asked again for those documents in my email of January 2. In its production thus far, Whole Foods produced its documents subject to the terms of the confidentiality order to be agreed upon. Plaintiff should do the same. Please produce those documents immediately. We'd like to discuss why they have not been produced and when you will do so during the meet and confer call.

Best regards,
David

---

**From:** Greg Blankinship [mailto:gblankinship@FBFGLaw.com]
**Sent:** Thursday, January 11, 2018 9:31 AM
**To:** Andrew White
**Cc:** Sellinger, David E. (Shld-NJ-LT); krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); White, Andrew T. (Shld-Chi-RE); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT)
**Subject:** Re: John v. WFMG

David I am following up on the below. We apparently need a meet an confer regarding Defendant's failure to produce the below. When are you free today?

I am sure you are not intending on causing prejudice to Plaintiff in connection with next week's 30(b)(6) depo by withholding documents you agreed to produce but an outside observer might conclude otherwise.

Sent from my iPhone

On Jan 8, 2018, at 5:38 PM, Andrew White <awhite@fbfglaw.com> wrote:

> Counsel,
>
> Following up on our earlier email regarding production of certain document in advance of next week's 30(b)(6) Deposition -- as part of our ongoing review of the 10,812 pages of documents you have produced to date, it initially appeared to us that documents Bates Stamped WFMGI_Sean John_000069 through 10701 consisted exclusively of Daily Accuracy Checklists (and their summaries) and Weights & Measures reports.  However, within that stretch of 10,600+ pages of documents, we have since identified approximately 80 pages of policy and training documents (starting approximately 700 pages in to that 10,600-page stretch of D.A.C.s) and approximately 70 pages of emails and tare calculations (starting approximately 5100 pages in).
>
> As such, please disregard the second-to-last sentence of my earlier email.
>
> That being said, please confirm whether the policy, procedure, and training documents you have produced to date contain all the responsive documents to our third and fifth bullet-points, and, if not, please produce any additional responsive documents by the end of the week.
>
> Best,
> ~Andrew
> <image001.png>
> <image002.jpg>
>
> ---
>
> **From:** Andrew White
> **Sent:** Monday, January 8, 2018 2:59 PM
> **To:** 'sellingerd@gtlaw.com' <sellingerd@gtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>
> **Cc:** krichman@richmanlawgroup.com; CasasG@gtlaw.com; John.Hempfling@wholefoods.com; demaisj@gtlaw.com; clementsj@gtlaw.com; WhiteA@gtlaw.com; cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; mcevoyt@gtlaw.com; douglasz@gtlaw.com
> **Subject:** RE: John v. WFMG
>
> Counsel,
>
> With the 30(b)(6) Deposition of Whole Foods' corporate representatives scheduled for next week, we have identified several

categories of as-yet-unproduced documents that are required in advance of this deposition. Please produce all of the following responsive documents by the end of this week so that Plaintiff will have a reasonable amount of time to review them before the 30(b)(6) Deposition:

- All documents regarding the D.C.A. investigation, including communications between Whole Foods and the D.C.A.
- All documents regarding Whole Foods' own inspections and investigations into the allegations of underweight pre-packaged food products at any of the At-Issue Stores (including such inspections or investigations that covered all NYC stores).
- All training materials or in-store procedures concerning the weighing and packaging of pre-packaged food products that were in use at any of the At-Issue Stores during the relevant time period (including such inspections or investigations that covered all NYC stores).
- All customer complaints Whole Foods received concerning the weights of pre-packaged food products at any of the At-Issue Stores.
- All prior versions of the policies and procedures documents Whole Foods has produced to date that were in use at any of the At-Issue Stores during the relevant time period. (The policy documents Whole Foods has produced thus far appear to be mostly dated 2017.)

In connection with the third and fifth categories listed above, Plaintiff notes that Defendant has not provided any documents regarding how employees are specifically instructed to implement Whole Foods' policies and procedures -- for example, any specific policies, instructions, or training on how employees should ensure that a scale is properly calibrated. Please include all such responsive documents that were in use at any of the At-Issue Stores during the relevant time period by the end of this week as part of this production.

Thank you,
~Andrew
<image001.png>
<image002.jpg>

**From:** sellingerd@gtlaw.com [mailto:sellingerd@gtlaw.com]
**Sent:** Tuesday, January 2, 2018 7:26 PM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>
**Cc:** krichman@richmanlawgroup.com; CasasG@gtlaw.com; John.Hempfling@wholefoods.com; demaisj@gtlaw.com; clementsj@gtlaw.com; WhiteA@gtlaw.com; cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; mcevoyt@gtlaw.com; douglasz@gtlaw.com; Andrew White <awhite@fbfglaw.com>
**Subject:** RE: John v. WFMG

Thank you.

**From:** Greg Blankinship [mailto:gblankinship@FBFGLaw.com]
**Sent:** Tuesday, January 02, 2018 7:12 PM
**To:** Sellinger, David E. (Shld-NJ-LT)
**Cc:** krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); White, Andrew T. (Shld-Chi-RE); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT); Andrew White
**Subject:** Re: John v. WFMG

Thanks David. Manhattan is fine for the 30(b)(6) depo. We will get back to you ASAP with dates for the plaintiff's depo.

Also I noticed that your emails have not usually included my associate Andrew
White, but you do routinely copy a GT lawyer with the same name. Please include the FBFG Andrew.

Thanks
Greg

Sent from my iPhone

On Jan 2, 2018, at 6:41 PM, "sellingerd@gtlaw.com" <sellingerd@gtlaw.com> wrote:

> We agree to the 30(b)(6) on the 18TH.   If the start time is a problem, we'll let you know; otherwise, you can assume we'll start at 9.   We would ask that the deposition be held at our office in Manhattan.  There will  be different witnesses on different topics and they would like to have the flexibility of their being able to work at that location when they're not being examined. Please confirm your willingness to extend that courtesy.  We will be happy to accommodate your client by having his deposition at your office. Please let us know as soon as possible of several available dates for Mr. John's deposition. Thank you.
>
> **From:** Greg Blankinship [mailto:gblankinship@FBFGLaw.com]
> **Sent:** Tuesday, January 02, 2018 6:13 PM
> **To:** Sellinger, David E. (Shld-NJ-LT)
> **Cc:** krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); White, Andrew

T. (Shld-Chi-RE); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT); Andrew White
**Subject:** Re: John v. WFMG

There is not a date next week either. As I said we will get back to you soon.

Can I assume you will produce your 30(b)(6) witness in White Plains on the 18th? We sent that subpoena many weeks ago and you have not indicated that the date and time does not work on your end.

We can schedule a call to discuss deposition scheduling if that would be helpful.

Sent from my iPhone

On Jan 2, 2018, at 6:05 PM, "sellingerd@gtlaw.com" <sellingerd@gtlaw.com> wrote:

> Greg,
> If that's the case, please advise if there's an available date for his deposition next week. Thank you.
>
> ---
>
> **From:** Greg Blankinship [mailto:gblankinship@FBFGLaw.com]
> **Sent:** Tuesday, January 02, 2018 5:14 PM
> **To:** Sellinger, David E. (Shld-NJ-LT); krichman@richmanlawgroup.com; Casas, Gregory J. (Shld-Aus-LT); John.Hempfling@wholefoods.com; DeMais, Jaclyn (Assoc-NJ-LT); Clements, Janis (OfCnl-AUS-LT); White, Andrew T. (Shld-Chi-RE); cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson; McEvoy, Theodore J. (OfCnsl-NJ-LT); Douglas, Zachary B. (Para-Aus-LT)
> **Cc:** Andrew White
> **Subject:** RE: John v. WFMG
>
> David, I hope you are enjoying the New Year. The week of January 15 is not available on our end. We will get back to you soon with some other proposed dates.
>
> ---
>
> **From:** sellingerd@gtlaw.com [mailto:sellingerd@gtlaw.com]

**Sent:** Friday, December 29, 2017 6:25 PM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; krichman@richmanlawgroup.com; CasasG@gtlaw.com; John.Hempfling@wholefoods.com; demaisj@gtlaw.com; clementsj@gtlaw.com; WhiteA@gtlaw.com; cbinkley@richmanlawgroup.com; rwicklund@richmanlawgroup.com; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; mcevoyt@gtlaw.com; douglasz@gtlaw.com; sellingerd@gtlaw.com
**Subject:** FW: John v. WFMG

Counsel:

I am attaching a deposition notice for the deposition of Plaintiff Sean John on January 16. The purpose of this email is to work out a convenient date. We'd like to take his deposition on a date early in the week of January 15 and would be happy to schedule the deposition for any date during the period January 15-17. Please let me know which of those dates is preferable to you. Thank you very much.

Happy new Year.

David

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.